Parker C. J.
delivered the opinion of the Court. We think there was a mistake at the trial, of the legal character of the paper offered by the plaintiff in support of his action, which mistake occasioned the rejection of the evidence offered in defence. It was treated as a promissory note or other contract for the absolute payment of money, and so that the defence proved went to alter or contradict it and therefore was inadmissible.
On the other hand, it has been treated by the counsel for the defendants, in the argument, as a mere receipt, which always is excepted out of the general rule which excludes parol evidence from affecting the import, effect or operation of a written contract.[1]
We view it in neither of these lights, or rather in both. It is evidence of a receipt of money from the plaintiff or his agent, with a promise to account for it with the plaintiff. This promise may be performed otherwise than by paying over the money to the plaintiff, and in any way conformably to the intention of the parties.
The evidence offered is supposed to prove, that by direction of the plaintiff the money was paid by his agent to the defend *345 ants, for the purpose of discharging the plaintiff from a debt which he owed to Lysander Washburn ; that this was in pursuance of an agreement to that effect between all the parties. It was in fact a substitution of the defendants as the creditors of the plaintiff, instead of Lysander Washburn, and a payment of the debt by the proceeds of the stock sold through the intervention of Brown the agent. The credit given by the defendants in their books to Lysander, completed the transaction, and by showing this the defendants would perform their promise of accounting to the plaintiff. It is suggested, that the plaintiff may be still liable to the estate of Lysander Washburn ; but this cannot be, upon the facts proposed to be proved ; and the testimony of the defendants will discharge him from any claim.
A prevailing reason for rejecting the evidence was, that the agreement of the parties offered to be proved was before the making of the receipt, and that therefore the receipt should alone be looked to as the evidence of the final agreement. This is true as a general principle, in the case of contract, but this contract is of a peculiar species, and is apparently nothing but the execution, so far as it goes, of the previous agreement. The money was paid to the defendants by Brown the agent, by the direction of the plaintiff, in execution of the contract made by all the parties, he taking an accountable receipt for the plaintiff, and if the defendants are able to prove what they propose, they will account as was intended.

New trial granted.

 See Griswold v. Messenger, 6 Pick. (2d ed.) 518, note 1, and cases cited , Moore v. Shattuck, 4 N. Hamp. R. 229; Schillinger v. M'Cann, 6 Greenleaf 364; Hall v. Hall, 8 N. Hamp. R. 129.